AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

1/6/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>APPLE IPHONE BEARING IMEI 353235102346330<br>CURRENTLY STORED AT ATF, 550 MAIN STREET,<br>ROOM #8491, CINCINNATI, OH 45202 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.    3:21MJ4 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

### SEE ATTACHMENT A

located in the _____SOUTHERN_____ District of _____OHIO_____, there is now concealed *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(1) | Engaging in the Firearm Business Without a License |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a Firearm |
| 18 U.S.C. § 371 | Conspiracy |
| 18 U.S.C. § 2 | Aiding & Abetting |

The application is based on these facts:

### SEE AFFIDAVIT IN SUPPORT

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

DEREK GRAHAM
Digitally signed by DEREK GRAHAM
Date: 2021.01.06 15:46:3 -05'00'

*Applicant's signature*

SA DEREK S. GRAHAM, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
FaceTime _____ *(specify reliable electronic means)*.

Date: 1/6/21

City and state: DAYTON, OHIO

_____
*signature*

J.S. MAGISTRATE JUDGE
*me and title*

**ATTACHMENT A**

The property to be searched is a dark gray colored Apple iPhone bearing IMEI 353235102346330 presently maintained in law enforcement custody at the ATF Cincinnati Field Office located at 550 Main Street, Room #8491, Cincinnati, OH 45202.  The Apple iPhone is currently located in ATF Property in Cincinnati, OH as ATF Property Item #012 in ATF IN# 773011-21-0018.  This warrant authorizes the forensic examination of the Apple iPhone for the purpose of identifying the electronically stored information described in Attachment B.





## ATTACHMENT B

1.      All records on the DEVICE described in Attachment A that relate to violations of 18 USC § 922(a)(1), 18 USC § 922(g)(1), 18 USC § 2, and 18 USC § 371 and involving **GABRIEL JOHNSON** including:

     a.    Any communications, including but not limited to:  phone calls, text messages, multi-media messages, application messages, relating to sources, possession, purchases, and/or sales of firearms;

     b.    Any information related to sources of firearms, including names, addresses, phone numbers, or any other identifying information.

     c.    Any internet search history and browser files related to sources, possession, purchases, and/or sales of firearms;

     d.    Any information, including GPS location information, recording **GABRIEL JOHNSON'S** schedule or travel in relation to sources, possession, purchases, and/or sales of firearms;

     e.    Any photographs and videos, including metadata, and any other records, relating to sources, possession, purchases, and/or sales of firearms; and

     f.    Any bank records, checks, credit card bills, account information, and other financial records or documentation associated with the sources, possession, purchases, and/or sales of firearms.

2.      Evidence of user attribution showing who used or owned the DEVICE at the time things described in this warrant were created, edited, deleted, such as logs, phonebooks, saved usernames and passwords, documents, photographs and videos, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the ATF may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

This warrant authorizes ATF officials to perform any and all forensic extraction on subject cell phone at laboratories and facilities that may be located within and outside of the Southern District of Ohio, so long as the initial execution started within the Southern District of Ohio.  This warrant authorizes ATF to utilize and/or request additional support from approved forensic extraction companies in the event advanced forensic extraction techniques are required.

I, Derek S. Graham, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I hereby make this affidavit in support of an application for a search warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure authorizing the examination of certain property, to wit: a dark gray colored Apple iPhone more specifically described in Attachment A, which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.  Said Apple iPhone is presently maintained in law enforcement custody at:  ATF Cincinnati Field Office, 550 Main Street, Room #8491, Cincinnati, OH 45202.

2.  I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF), and have been so employed since October of 2007.  As a part of my training with the ATF, I graduated from the Federal Law Enforcement Training Center, Criminal Investigator School, located in Brunswick, Georgia.  I graduated from the ATF Special Agent Basic Training Academy, located in Brunswick, Georgia, in April 2008.  Prior to my employment with ATF, I was a Federal Air Marshal in the Department of Homeland Security from June 2006 through October 2007.  In addition, I was a Criminal Research Specialist with the Washington, DC High Intensity Drug Trafficking Area/Drug Enforcement Administration from June 2003 through June 2006.  I am a graduate of Augustana College, where I received a Bachelor's degree in Business Administration in May of 2002.  I am also a graduate of Boston University, where I received a Master's degree in Criminal Justice in June of 2006.

3.  I have experience in the investigation, apprehension, and prosecution of individuals suspected of being involved in federal firearms and drug offenses.  I have specific experience in investigating the use of cell phones by criminal suspects who are involved in the commission of said offenses.  I also have knowledge of the currently available technology used by law enforcement authorities to identify users of cell phones and the geographic location of cell phones.  I have applied for, obtained, and analyzed, or assisted other Federal Special Agents and local police officers with applying for, obtaining, and analyzing in excess of three hundred sixty (360) sets of historical call detail records.  In addition, I have mapped in excess of two hundred (200) sets of historical records related to telephone cell site information,

ping order locations, and/or GPS records. I have been trained by ATF as a Digital Media Collection Specialist (DMCS), and have completed in excess of two hundred eighty-five (285) cellular telephone forensic extractions, computers, and other electronic storage media. I have also reviewed forensic extractions of cellular telephones, computers, and other electronic storage media, and have examined content and communications contained within these devices obtained by forensic extraction. This content includes records of communication through timestamped call logs, timestamped text message content, images and videos, and timestamped communication made through various social media applications.

4.     I know from prior training and experience that cell phone users typically maintain their phones on their persons or immediate control, as cell phones are regularly utilized and possessed as an item of personal property. I know from personal experience that in today's age it is typical for individuals to maintain and possess multiple active cellular phones at one time. I also know from experience that it is common for individuals to retain inoperable or cellular phones no longer currently being utilized, which may also contain contents relevant information to ongoing criminal investigations.

5.     Through training and experience, I know that acquiring "extended period of call detail records" can assist, through the use of proper analysis, in establishing "a pattern of life", or "normal use", of a target telephone. Whereby, the more historical data that becomes available, the more accurate, complete and thorough an analysis of those records can be. Analysis of an extended period of records can assist criminal investigators in establishing calling patterns of a target telephone, to wit:  to and from associate dialed numbers, and prevalent cell sites and sectors utilized by said target telephone. The identification and establishment of this pattern of life, or "normal" use, is critical in helping criminal investigators determine if, and when, calling patterns change, intensify, or wane during relevant time periods within the investigation. Changes in usage patterns before, during, and following relevant time frames of criminal investigation, or other activity can, through forensic analysis, identify pattern "anomalies" and successfully lead investigators to the identification of additional investigative leads, including the identification of victims, witnesses, and suspects.

6.      Through training and experience, I become familiar with firearms trafficking investigations and the analysis of ATF Multiple Sale Reports[1], ATF Trace Reports[2], and Federal Firearms Licensee Acquisition & Disposition Records[3].  I am also experienced in analyzing ATF Trace Reports and identifying patterns and purchasing activity of suspected firearms traffickers.  This includes the analysis of the number of days between the purchase of a firearm, and the subsequent date law enforcement authorities recover said firearm(s).  Analysis additionally involves the examination of relevant ATF Trace Reports involving a specific purchaser or possessor, and/or the volume or make and model of particular firearms identified as being purchased by suspects.

7.      The facts in this affidavit were derived from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is only intended to establish sufficient probable cause to justify the issuance of the requested warrant and does not set forth all of my knowledge about this matter.

8.      Based on the facts set forth in this affidavit, there appears to be probable cause to believe that certain violations of 18 U.S.C. § 922(a)(1) have been committed by a person identified as **GABRIEL JOHNSON,** to wit: "it shall be unlawful for any person except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce."

9.      Based on the facts set forth in this affidavit, there appears to be probable cause to believe that certain violations of 18 U.S.C. § 922(g)(1) have been committed by a person identified as **GABRIEL**

---

[1] An ATF Multiple Sale Report is a document detailing the information related to the purchase of two (2) or more pistols or revolvers by an individual at one (1) time or during five (5) consecutive business days.  The Federal Firearms Licensee is required to complete ATF Form 3310.4 – Report of Multiple Sale or Other Disposition of Pistols and Revolvers and submit to ATF.

[2] An ATF Trace Report is a document detailing the information related to the purchaser of a firearm and the information related to the recovery of the firearm.  The information contained in the document is obtained upon request by a law enforcement agency to identify the original purchaser of a recovered firearm.  A completed ATF Trace Report includes the identifying information of the firearm, including recovery and location date; the Federal Firearms Licensee that transferred the firearm; and the information related to the purchase of the firearm, which is obtained from the ATF Form 4473 – Firearms Transaction Record provided by the Federal Firearms Licensee to the ATF National Tracing Center.

[3] Acquisition and Disposition Records are records that Federal Firearms Licensees are required to maintain which document all firearms that a Federal Firearms Licensee receives into, and distributes from, their inventory.

**JOHNSON,** to wit: "It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; …. to ship or transport in interstate or foreign commerce …, or possess in or affecting commerce, any firearm…"

10.     Based on the facts set forth in this affidavit, there appears to be probable cause to believe that certain violations of 18 U.S.C. § 2, have been committed by a person identified as **GABRIEL JOHNSON,** to wit: "whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

11.     Based on the facts set forth in this affidavit, there appears to be probable cause to believe that certain violations of 18 U.S.C. § 371, have been committed by a person identified as **GABRIEL JOHNSON,** to wit: "if two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."

<u>PROBABLE CAUSE</u>

12.     On or about December 2, 2020, ATF launched an investigation of **GABRIEL JOHNSON** and others.  **GABRIEL JOHNSON** is a twenty-six (26) year old male who is, or has been, a resident of Dayton, OH and West Carrollton, OH, both of which are located within the Southern District of Ohio.  From January of 2018 through December of 2020, Camren Edmondson, an associate of **GABRIEL JOHNSON**, purchased fifty-three (53) firearms that have been identified by ATF. Camren Edmondson paid approximately[4] $13,428.62 for forty-one (41) of the fifty-three (53) firearms.  During this investigation, ATF has established that Camren Edmondson claimed on a personal rental application that his income is approximately seventeen thousand ($17,000) dollars a year.  Ten (10) of the firearms purchased by Camren Edmondson have been recovered and traced by law enforcement authorities. The time range from the date

[4] The documented dollar value in this affidavit was determined from receipts obtained from Federal Firearms Licensees related to firearms purchased by Camren Edmondson.  Receipts for twelve (12) of the firearms purchased by Camren Edmondson were not readily available.

4

Camren Edmondson purchased the said firearms to the date the ten (10) firearms were recovered by law enforcement ranged from four (4) days to four hundred thirty-six (436) days.

13.     On or about November 4, 2020, officers from the Huber Heights Police Department (HHPD) obtained and executed a search warrant for a phone possessed by an individual identified as Earl Dubois.  Said cell phone seized in conjunction with Earl Dubois arrest on October 14, 2020 for felonious assault.  Dubois was a prior convicted felon.

14.     The forensic extraction of the seized cellular telephone contained a picture of a firearm bearing the serial number of a firearm previously purchased by Camren Edmondson.  This firearm was purchased by Camren Edmondson one (1) day prior to the picture of the firearm being sent between Earl Dubois and **GABRIEL JOHNSON**. Said firearm to date, has not yet been recovered by law enforcement. Further examination of the cellular telephone seized from Earl Dubois indicated that Earl Dubois and **GABRIEL JOHNSON** were engaged in buying and selling firearms and referenced getting firearms from a third party.  After Earl Dubois was arrested, **GABRIEL JOHNSON** consented to a search of his rented 78 Oxford Ave., Dayton, OH residence.   Earl Dubois was located at said residence at the time of his arrest. During the execution of said consent search, additional firearms and firearm accessories were recovered from within the residence.

15.     During a December 16, 2020 non-custodial interview of Elijah Files (a prior convicted felon), he advised  that **GABRIEL JOHNSON** was receiving firearms from an individual he described as heavy-set, African-American male that resembled the physical characteristics of Camren Edmondson.  I have determined through subject investigation that **GABRIEL JOHNSON** and Camren Edmondson are business and personal associates.  I have identified that **GABRIEL JOHNSON** has used a cellular telephone and has associated himself with telephone number 937-397-5559, hereinafter referred to as the "**SUBJECT PHONE.**"

16.     ATF Form 4473 – Firearms Transaction Record is the standard document that ATF Federal Firearms Licensees (FFL) is utilized to document the transfer of a firearm from a FFL to an individual

purchaser. Camren Edmondson completed an ATF Form 4473 – Firearms Transaction Record[5] for each firearms transaction that he was involved at with a FFL. Section A of the ATF Form 4473 is required to be completed by the purchaser of the firearm. Section 11.a asks the purchaser the following question, "*Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you. Exception: If you are picking up a repaired firearm(s) for another person, you are not required to answer 11.a and may proceed to 11.b. (See Instructions for Question 11.a.*" Question 11.a is then followed with a check box under "Yes" and "No."

17.    It has been determined that Camren Edmondson consistently checked "Yes" on the dozens of firearm transactions he completed at at least four (4) Dayton area FFLs each confirming he was the actual transferee/buyer of the firearms. Directly above Section 14 and Section 15, where the purchaser is required to provide their signature and date, the following is written in bold type: "*I certify that my answers in Section A are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b. through 11.i and/or 12.b through 12.c. is prohibited from purchasing or receiving a firearm. I understand that a person who answers "yes" to question 12.d.1. is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 12.d.2 and provides the documentation required in 18.c. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law. (See Instructions for Question 14.)*" Camren Edmondson was required to complete ATF Form 4473 – Firearms Transaction

---

[5] ATF Form 4473 – Firearms Transaction Record was revised in May 2020. Section 11.a on the cited version, was revised in October 2016, is now labeled as Section 21.a on the updated version.

Record for each firearm he purchased and he provided his signature in Box 14 and date of signature in Box 15 for each transaction.

18.     On December 18, 2020, United States Magistrate Judge Chelsey M. Vascura issued a search warrant in Case No. 3:20-MJ-577 for the search of **GABRIEL JOHNSON** for items to include, but not limited to, cellular telephones in the possession of **GABRIEL JOHNSON.**

19.     On December 31, 2020, ATF Task Force Officer (TFO) Nathan Curley executed said search warrant.  During the execution of this warrant, TFO Curley seized a dark gray colored Apple iPhone from the possession of **GABRIEL JOHNSON**.  TFO Curley entered the phone into ATF Property as ATF Property Item #012 in ATF IN# 773011-21-0018.

<u>As to Firearms Purchased by Camren Edmondson</u>

20.     I have reviewed relevant ATF Trace Reports, ATF Multiple Sale Reports, and other transaction related records maintained by FFLs as to information related to firearms, ammunition and other accessories purchased by Camren Edmondson.  During this review of records, I identified fifty-three (53) firearms purchased by Camren Edmondson from January of 2018 through December of 2020.  It has been determined that Camren Edmondson paid approximately $13,428.62 for forty-one (41) of the fifty-three (53) firearms.  Camren Edmondson completed an ATF Form 4473 – Firearms Transaction Record for each of these firearm purchase transactions.

21.     From January of 2018 through December of 2020, Camren Edmondson specifically purchased nineteen (19) Taurus manufactured firearms, seventeen (17) Glock manufactured firearms, nine (9) Smith & Wesson manufactured firearms, three (3) Springfield Armory manufactured firearms, and five (5) additional firearms from various other manufacturers.  Of the said firearms purchased by Camren Edmondson, twenty-nine (29) were 9mm caliber firearms, twenty-one (21) were .40 caliber firearms, two (2) were .45 caliber firearms, and one (1) was a .38 caliber firearm.

22.     I have reviewed a 2019-2020 statistical analysis of all firearms recovered and traced by law enforcement agencies in the Dayton metropolitan area[6].  The make and caliber of firearms purchased by Camren Edmondson are consistent with the most frequently recovered and traced firearms recovered by law enforcement authorities in the greater Dayton, OH area.

23.     Camren Edmondson purchased each of the identified fifty-three (53) firearms from FFLs located in Dayton, OH, Tipp City, OH, Huber Heights, OH, and/or from a FFL at a Gun Show in Springfield, OH.

### As to **GABRIEL JOHNSON** at 78 Oxford Avenue, Dayton, OH 45402

24.     On October 14, 2020, HHPD Detectives (Det.), assisted by Dayton Police Department (DPD) ATF Task Force Officer (TFO) Nathan Curley, conducted surveillance upon a residence located at 78 Oxford Avenue, Dayton, OH in an effort to arrest Earl Dubois for an outstanding warrant.

25.     On October 14, 2020, three (3) individuals were removed from the 78 Oxford Avenue residence in association with the arrest of Earl Dubois.  These individuals were identified as **GABRIEL JOHNSON**, Earl Dubois, and Joshua Johnson.

26.     On October 14, 2020, participating officers determined that **GABRIEL JOHNSON** was then renting the 78 Oxford Avenue residence.  **GABRIEL JOHNSON** then provided law enforcement authorities with consent to search the residence.  **GABRIEL JOHNSON** stated he was on probation, and that if any firearms were found in the house they were not his.  **GABRIEL JOHNSON** provided Det. Joshua Fosnight with  **SUBJECT PHONE**, to wit:  his cellular telephone number 937-397-5559.

27.     On October 14, 2020, during the execution of said consent search at the 78 Oxford Avenue residence, the following firearms and firearms accessories were recovered.

a.     Glock, Model 19Gen4, 9mm caliber firearm, bearing serial number BPWY420.

    i.     Camren Edmondson purchased this firearm on October 10, 2020, which was four (4) days before the firearm was recovered.

---

[6] ATF Violent Crime Analysis Branch publishes a statistical summary, which includes details about traced firearms derived from Trace Report requests submitted by participating law enforcement agencies.

  b.  Empty Firearm box for a Glock, Model 23Gen4, .40 caliber firearm, bearing serial number XXX437.

    i.  This firearm was recovered from a vehicle observed departing from 78 Oxford Avenue, Dayton, OH prior to the occupants of 78 Oxford Avenue, Dayton, OH being removed and Earl Dubois being arrested.  This firearm was recovered from the trunk of the vehicle during a consent search after it was stopped by law enforcement.  The vehicle was occupied by Erin McDonough and Elijah Files.

    ii.  Camren Edmondson purchased this firearm on October 10, 2020, which was four (4) days before the firearm box was recovered from 78 Oxford Avenue, Dayton, OH and four (4) days before the firearm was recovered.

  c.  Empty Firearm box for a Taurus, Model G2S, 9mm caliber, Serial No. ABG670570.

    i.  Camren Edmondson purchased this firearm on July 23, 2020, eighty-three (83) days before the box for the firearm was recovered.

  d.  Empty Firearm box for a Ruger, .40 caliber, Serial No. 343-95633.

  28.  On October 26, 2020, DPD Officers responded to the 78 Oxford Avenue residence due to receiving a report of deceased individual.  DPD Officer Wiesman then identified **GABRIEL JOHNSON** as a resident of 78 Oxford Avenue address.  **GABRIEL JOHNSON** stated he had observed the deceased individual take some pills the previous night.

9

As to **GABRIEL JOHNSON** Using Social Media

29.    On December 9, 2020, I captured a screenshot of Facebook account www.facebook.com/camrenj.day.  This Facebook account shows a picture of Camren Edmondson with another individual and the name "Camren J Edmondson" on the account page.



30.    On December 14, 2020, I captured a screenshot within the Friend's listing of Facebook account www.facebook.com/camrenj.day.  I queried "Gabe" and identified an account under the Facebook name of "Gabe Johnson."



31.     On December 14, 2020, I selected the Facebook account "Gabe Johnson" from the Friend's list of the Facebook account for www.facebook.com/camrenj.day.  The Facebook account for "Gabe Johnson" is assigned to www.facebook.com/guddagabe.johnson.



32.     On December 14, 2020, I reviewed the image of "Gabe Johnson" on the Facebook account www.facebook.com/guddagabe.johnson and compared the image with the driver's license photo of **GABRIEL JOHNSON**, who provided consent to search 78 Oxford Avenue residence, and determined the image to be of the same person.

33.     I know that Facebook is a social media application that can be utilized to interact and communicate with other parties.  I know that Facebook may be accessed by means of logging into an account through a cellular telephone, tablet, or computer for the purpose of updating, posting, and interacting through the Facebook account.  I also know from prior experience that individuals may have multiple Facebook account identities and operate them at the same time from the same or different devices.

<u>As to Review of Earl Dubois' Cellular Telephone Forensic Extraction</u>

34.     On December 14, 2020, I reviewed the forensic extraction of Earl Dubois' cellular telephone seized during October 14, 2020 arrest.  A search was conducted on said cellular phone pursuant to a Montgomery County Common Pleas Court Search Warrant Case No. 20SW248 obtained by Det. Fosnight on November 4, 2020.

35.     This telephone was associated with assigned telephone number 937-499-3832. Said telephone number had a contact name of "YoE" associated with it.

36.     During an examination of this forensic extraction, I determined that telephone number 937-499-3832 "YoE" had been in contact with the **SUBJECT PHONE**, assigned contact "My Fuckin Bruvah."

37.     During an examination of this forensic extraction, I reviewed text communications on October 7, 2020, between telephone number 937-499-3832 "YoE" and the **SUBJECT PHONE** assigned contact "My Fuckin Bruvah."

a.     4:00:08pm "My Fuckin Bruvah" – Did bra drop the gun off

b.     4:00:19pm "My Fuckin Bruvah" – I'm bouts take that over to bra to get more

c.     4:00:38pm "YoE" – It's here

d.     4:00:57pm "My Fuckin Bruvah" – Aight bet I'm 10 away

e.     4:01:05pm "YoE" (Sent Image Below)



f.     4:01:07pm "YoE" – Period

12

g.      4:10:34pm "My Fuckin Bruvah" – Fasho

h.      7:48:32pm "YoE" (Sent Video) – A review of the video depicts four (4) firearms to include what appears to be three (3) of the same firearms identified sent in the aforementioned image.

38.     On December 14, 2020, I further reviewed the image sent from telephone number 937-499-3832 "YoE" to the **SUBJECT PHONE** "My Fuckin Bruvah" on October 7, 2020 at 4:01:05pm. This image depicts three firearms:  One (1) black firearm laying on its side with the ejector port facing down; one (1) black firearm laying on its side with the ejector port facing up; and one (1) firearm with a turquoise/green frame and black slide being held upright by a hand.  I zoomed in on the serial number of the firearm laying on its side with the ejector port facing up.  I identified the serial number as "TVD354" on the slide of the firearm.  Based on my experience, I believe this firearm to be a Glock manufactured firearm due to its design characteristics and my prior familiarity with Glock firearms.  I queried the serial number, "TVD354," and identified this firearm as the Glock, Model 23Gen4 bearing serial number TVD354 purchased by Camren Edmondson on October 6, 2020 from Olde English Outfitters in Tipp City, OH, one (1) day prior to the above described exchange of messages and picture.

39.     During an examination of this forensic extraction, I reviewed text communications on October 11, 2020 between telephone number 937-499-3832 "YoE" and the **SUBJECT PHONE** "My Fuckin Bruvah.

a.      4:15:22pm "My Fuckin Bruvah" – Get a ride to the spot bra

b.      4:15:22pm "My Fuckin Bruvah" – Bring the Glizzy I got a play

c.      4:15:27pm "YoE" – Fo how much ?

d.      4:15:40pm "My Fuckin Bruvah" – $7

e.      4:15:58pm "YoE" – We paid more fo it

f.      4:17:53pm "My Fuckin Bruvah" – That's what we paid I need that bread back tho

g.      4:18:15pm "YoE" – N***a[7] ima take a L

---

[7] This derogatory term is being identified as N***a however it is spelled out in its entirety in the forensic examination of the described cellular telephone.

13

h.      4:21:07pm "My Fuckin Bruvah" – just pull bra I know what I'm doing

i.      4:21:22pm "YoE" – I gave u 390 n de Glizzy fo it tho

j.      4:22:20pm "My Fuckin Bruvah" – You still owe me money from the first Glizzy

k.      4:22:30pm "YoE" – I paid u off on gawd

l.      4:22:36pm "YoE" – U wanted the last 3 perks

m.      4:22:58pm "My Fuckin Bruvah" – The money that bought the Glizzys was the money from the Percs I gave you

n.      4:23:09pm "My Fuckin Bruvah" – That wasn't profit

o.      4:29:05pm "My Fuckin Bruvah" – I'm tryna get HP bra we gotta keeep moving into this money

p.      4:29:25pm "YoE" – We still eating

q.      4:29:30pm "YoE" – Tho

r.      4:29:34pm "My Fuckin Bruvah" – Period

s.    4:30:16pm "YoE" (Sent Image Below)



t.    4:30:49pm "YoE" – I dnt wanna sell this mf

u.    4:31:28pm "My Fuckin Bruvah" – Get out yo feelings

As to Interview of Elijah Files

40.    On December 14, 2020, ATF Task Force Officer (TFO) Nathan Curley and Dayton Police Department Det. Nicholas Hobbs interviewed Elijah Files. The content of this interview was audio recorded.

a.    Elijah Files stated he had resided at 78 Oxford Avenue, OH for approximately two (2) to three (3) months prior to his October 14, 2020 contact with law enforcement authorities.

b.    Elijah Files stated "Gabe" had let him stay at the 78 Oxford Avenue residence.

15

c.    Elijah Files stated "Gabe" was purchasing firearms from a heavyset Black male that observed driving a black car with dark tinted windows and custom rims. Elijah Files further described the individual "Gabe" would meet with as "Gabe's" "gun plug[8]." Elijah Files stated he observed "Gabe" purchase approximately eight (8) firearms in total from the heavyset Black male on multiple occasions.

    i.    On December 2, 2020, I reviewed OHLEG Driver's License information for Camren Edmondson. Camren Edmondson provided an identifying description as being 6'0" tall and weighing 325lbs.

    ii.    On December 14, 2020, I reviewed ATF Form 4473 – Firearms Transaction Records for firearms purchased by Camren Edmondson. From January of, 2020 through December of 2020, Camren Edmondson provided his weight as 325lbs to 350lbs.

    iii.    On December 8, 2020, I reviewed OHLEG Vehicle Registrations for Camren Edmondson and identified an active vehicle registration for a 2010 Ford Fusion SEL sedan, black in color, bearing Ohio Registration HZG4574 registered to Camren Edmondson.

d.    Elijah Files stated the heavyset Black male who supplied firearms to "Gabe" did not reside at the 78 Oxford Avenue residence during the two (2) to three (3) month period he stayed there.

<u>As to **GABRIEL JOHNSON** Being Associated with Camren Edmondson</u>

41.    On October 23, 2020 Camren Edmondson contacted Det. Joshua Fosnight. Camren Edmondson stated **GABRIEL JOHNSON** had provided him with Det. Fosnight's phone number.

42.    On December 16, 2020, TFO Curley received Cameron Edmondson's lease agreement information from the management office of Riverwork's Lofts in Riverside, Ohio. This is the apartment complex Cameron Edmondson currently resides at. In this agreement information Camren Edmondson indicates he is employed by "All For One". Camren Edmondson provided the owner's name as **GABRIEL JOHNSON** as a reference.

<u>As to **GABRIEL JOHNSON** Utilizing a Cellular Telephone</u>

43.    On October 14, 2020, **GABRIEL JOHNSON** provided the **SUBJECT PHONE** to Det. Fosnight who was then conducting an investigation at the 78 Oxford Avenue residence.

---

[8] Based on my training and experience in previous investigations, I know that a "plug" is slang for an individual or source of supply for items, such as firearms, controlled substances, or other forms of contraband.

44.     On December 8, 2020, I used multiple databases to identify the telephone carrier of the **SUBJECT PHONE**.  I determined this telephone number is currently serviced by Verizon Wireless, which I know to be a provider of cellular telecommunications.

45.     On December 14, 2020, I reviewed a forensic extraction of Earl Dubois' cellular telephone as previously described in this affidavit.  I identified text message content by and between the **SUBJECT PHONE** and Earl Dubois during the time frame of October 5, 2020 through October 14, 2020.

### As to **GABRIEL JOHNSON** at 2771 Latonia Avenue, Dayton, OH

46.     On December 9, 2020, I queried the OHLEG law enforcement database for State Identification information concerning **GABRIEL JOHNSON.  GABRIEL JOHNSON** listed the 2771 Latonia Ave., Dayton, OH as his place of residence on the State Identification with an issue date of November 16, 2020.

47.     On December 17, 2020, TFO Curley obtained State of Ohio, Secretary of State, Articles of Organization for a Domestic Limited Liability Company and Certificate.  The Statutory Agent listed on the application and name on the certificate appears as **GABRIEL JOHNSON.**  He listed 2771 Latonia Ave., Dayton, OH as his place of residence.

### **TECHNICAL TERMS**

48.     Based on my training and experience, I use the following technical terms to convey the following meanings:

a.      Cell phone:  A cell phone (or mobile telephone, or wireless telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and

e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device. Cell phones can also be used to access the Internet through cellular networks, 802.11 "wi-fi" networks, or otherwise. Cell phones such as Apple iPhones typically contain programs called apps, which, like programs on a personal computer or tablet, perform different functions and save data associated with those functions. Cell phones may be considered "smartphones" when they possess some or all of these capabilities.

49.     Based on my training, experience, and research, and from consulting the manufacturer's advertisements and product technical specifications available online at www.Apple.com, I know that the Apple Devices have capabilities that allow them to serve as a wireless telephone. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

50.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

51.     *Forensic evidence.*     As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a.      Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.      Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.      A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.      The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is.

52.     *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

53.     *Manner of execution.*  Because the requested warrant only seeks permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto any premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

<u>**CONCLUSION**</u>

54.      I submit that this affidavit supports the existence of probable cause for the issuance of a search warrant for the aforesaid dark gray colored Apple iPhone further described in Attachment A, and seizure of the items described in Attachment B.

Respectfully Submitted,

DEREK GRAHAM
Digitally signed by DEREK GRAHAM
Date: 2021.01.06 15:52:05 -05'00'

_____
DEREK S. GRAHAM, Special Agent
Bureau of Alcohol, Tobacco, Firearms &
Explosives

Subscribed and sworn to before me on _____January 6_____, 2021

Sharon L. Ovington
United States Magistrate Judge

20